Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 96 C 7873 | DATE | 5/29/2001 |
| CASE TITLE | Abbas Hassain, et al vs. United States Environmental Protection Agency, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to dismiss is granted. Mr. Hassain's claims are dismissed with prejudice. In light of this Order, the oral ruling date is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 3 0 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 60 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 MAY 29 PM 6: 07 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED MAY 29 2001**
Judge Harry D. Leinenweber
U.S. District Court

ABBAS HASSAIN and REDUCE
RECIDIVISM BY INDUSTRIAL
DEVELOPMENT, INC.,

        Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, ILLINOIS
ENVIRONMENTAL PROTECTION
AGENCY, CITY OF CHICAGO EPA,
NAVISTAR, OLD DUTCH BOY, NORTH
AMERICAN GEAR CORP., ARTRA
GROUP INC., SHERWIN-WILLIAMS,
METRA, HARBOR TOOL, ROCKWELL
INTERNATIONAL CORP., BETTER
LIVING FOUNDATION, ILLINOIS
CENTRAL RAILROAD, NATIONAL
LEAD, BORG-WARNER,
INTERNATIONAL HARVESTER, and
CHRIST UNIVERSAL CHURCH.

        Defendants.

Case No. 96 C 7873

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Abbas Hassain lives in the Victory Heights West Pullman area of Chicago, an area with several abandoned industrial sites. Acting *pro se*, he accuses various city, state, and federal entities as well as numerous private corporations of violating several laws by polluting at the former industrial sites. On July 18, 1997, the Court dismissed Mr. Hassain's first complaint for failure to state a claim. He has filed an amended complaint, alleging similar claims.



Several of the entities named as defendants by Mr. Hassain no longer exist or have been renamed. The following defendants, who represent all defendants remaining in the case, now move to dismiss: the City of Chicago, the Illinois Environmental Protection Agency, the United States Environmental Protection Agency, International Truck and Engine Corporation (Navistar), Rockwell International Corporation, Sherwin-Williams, Artra Group, Harbor Tool Manufacturing, Borg-Warner Security, North American Gear, Better Living Foundation, and Christ Universal Temple.

Mr. Hassain appears to bring this action under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 9605, 9606(a), 9659, 6928(d) and (e), 6972, and 6973(a). He refers to allegations of environmental genocide and environmental racism in violation of the criminal genocide statute. He cites the Due Process and Equal Protection clauses of the Fourteenth Amendment, but this section of the complaint appears to be only a plea for fair treatment. Finally, he criticizes the Illinois Office of Professional Regulation for its inability to license medical professionals who are able to diagnose and treat victims of severe environmental pollution. He seeks $100 million in compensatory damages, $20 million in punitive damages from each defendant, and an order requiring the defendants to disclose their insurers. Each defendant has adopted the others' motions to

dismiss, arguing for dismissal under FED.R.CIV.P. 12(b)(1), 12(b)(6), 8.

## DISCUSSION

### Legal Standard

When considering a motion to dismiss, *pro se* complaints are liberally construed, and the complaint will not be dismissed unless it is clear that the plaintiff can prove no set of facts entitling him to relief. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). This does not mean the court will fill in all the blanks for a *pro se* plaintiff. *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996). The complaint must provide the defendants with "fair notice" of the claims and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

### Analysis

With respect to his CERCLA and RCRA claims, several of the statutory sections cited by Mr. Hassain do not permit private citizen enforcement. See 42 U.S.C. §§ 9605, 9606(a), 6928(d) and (e), and 6973(a). As in the July 18, 1997, ruling, the Court shall therefore construe Mr. Hassain's allegations as claims under the CERCLA and RCRA citizen suit provisions, 42 U.S.C. §§ 6972 & 9659.

As a preliminary matter, the Court notes that Mr. Hassain names the Illinois EPA as a defendant. In the absence of a valid waiver of immunity, however, the Eleventh Amendment bars suits against the state. *Ryan v. IL Dep't. of Children and Family Serv.*,

184 F.3d 751, 758 (7th Cir. 1999). Immunity has not been waived to permit suit Mr. Hassain's under CERCLA or RCRA. *See* 42 U.S.C. §§ 9607(d)(2), 9659(a) and 6972(a)(1). Mr. Hassain's claims against the Illinois EPA must therefore be dismissed.

The amended complaint also refers to negligence by the defendants. To the extent that Mr. Hassain attempts to state a claim under the Federal Tort Claims Act against the United States, such a claim must be dismissed for lack of jurisdiction because Mr. Hassain has failed to file an administrative claim prior to instituting this case as required by 28 U.S.C. § 2675.

The remaining claims must also be dismissed. Although Mr. Hassain sought injunctive relief in his first complaint, his amended complaint only requests damages. Neither CERCLA nor RCRA authorizes recovery of monetary damages in citizen suits. *See* 42 U.S.C. §§ 6972 and 9659. Accordingly, these claims are dismissed.

Despite the amended complaint, several decisions from the July 18, 1997 ruling remain applicable. The Court lacks subject matter jurisdiction over any claims that could be construed as challenging the remedial action being taken to clean up contamination at the industrial sites prior to its completion. *See Schalk v. Reilly*, 900 F.2d 1091, 1095 (7th Cir. 1990); *North Shore Gas Co. v. EPA*, 930 F.2d 1239, 1245 (7th Cir. 1991). The genocide accusation must be dismissed as the federal genocide statute specifically bars individuals from pursuing a private cause of

action.  18 U.S.C. § 1092.  To the extent the amended complaint seeks relief for the alleged environmental genocide and racism under any other statutes, such as 42 U.S.C. §§ 1983, 1985 and 1986, it also fails to state a claim.  The amended complaint speaks only in broad terms, stating that Mr. Hassain and his community's "life, liberty and personal property" are threatened.  However, the contaminated sites are private property and these statutes are aimed at state actors.  Mr. Hassain's claim speaks in such sweeping terms that the Court finds it is inadequate to state a claim for a constitutional violation.

Finally, the Court notes, as all defendants have noted, that the amended complaint is quite vague.  Mr. Hassain apparently anticipates that the Court will read the amended complaint together with his first complaint.  The Court will construe the amended complaint liberally, but it must be able to withstand the motion to dismiss on its own merits.

Instead of improving, large portions of the amended complaint are far less understandable than the original.  Unlike the initial pleading, the claims in the amended complaint are not divided into separate, numbered paragraphs, but are instead mixed among several lengthy diatribes.  Mr. Hassain compares this case to the Nazi Holocaust, criticizes Illinois medical professionals for their inability to recognize illnesses caused by environmental contaminants, and devotes considerable time discussing injustices

faced by African Americans in the forms of slavery, the U.S. Constitution, and the *Dred Scott* decision.  Although Mr. Hassain clearly feels that he has been wronged, these grievances do not state a legal claim.

Under Rule 8, a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged." *Vicom, Inc. v. Harbridge Merchant Serv.*, 20 F.3d 771, 775 (7th Cir. 1994).  Mr. Hassain's pleadings have become more and more opaque, and the Court fails to discern an actionable claim underlying his petitions.  On the other hand, the right of defendants to be free from costly and harassing litigation must be considered. *Id.* at 776.

## CONCLUSION

Accordingly, Mr. Hassain's claims are dismissed with prejudice.  In light of this Order, the oral ruling date is stricken.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: May 29, 2001

- 6 -